UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARIA ESTRADA,

                            Plaintiff,                   **ORDER**
                 -against-                            CV 05-1821 (LDW)(ARL)

COUNTY OF NASSAU, et al.,

                            Defendants.
---------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is the defendants' motion to strike the affidavit of Reina Hernandez, which was submitted by the plaintiff in opposition to the defendants' motion for summary judgment. The defendants argue that the affidavit should be stricken pursuant to Fed. R. Civ. P. 37(c) because the plaintiff failed to identify this witness despite the plaintiff's knowledge of the witness for 15 months. The plaintiff opposes the motion noting that "Ms. Hernadez was not identified as a witness in error." In addition, the plaintiff indicates her intent to supplement the trial witness list to include Ms. Hernandez. For the reasons set forth below, the defendants' motion is granted.

      This matter was commenced in April 2005. In November 2006, the parties received an amended scheduling order that set the deadline for completion of discovery as January 17, 2007. Pursuant to this amended scheduling order, the parties submitted a joint pretrial order that was approved by the court in March 2007. The pretrial order did not include Ms. Hernandez as a witness.

      Subsequent to the submission of the pretrial order, the parties appeared before the undersigned for a final conference, submitted a fully briefed motion for summary judgment to the District Judge, and appeared before the District Judge for a hearing, at which time trial was set for February 2008. However, two weeks before the trial, the plaintiff submitted a motion seeking to amend the complaint to add a claim for retaliation. As a result, the court denied the motion for summary judgment with leave to renew, granted the motion to amend, permitted the parties to take limited discovery exclusively with respect to the amendment, and administratively closed the case with leave to reopen upon completion of that limited discovery.

      Between February 2008 to April 2009, the parties engaged in the additional discovery seeking court intervention on a number of discovery issues. And, it is during this time period, that the plaintiff appears to have become aware of the fact that Ms. Hernandez was an individual "likely to have discoverable information." In fact, Ms. Hernandez had signed the affidavit in question on January 7, 2009. Despite being aware of the existence of Ms. Hernandez as a witness, the plaintiff failed to amend their Rule 26(a) disclosures and made no attempt to notify

the defendants as to the existence of Ms. Hernandez.[1]

In December 2009, the parties consented to the jurisdiction of the undersigned for all purposes after receiving a final trial date from the District Judge. A status conference was then held on January 20, 2010, during which time the parties addressed outstanding discovery pertaining to the plaintiff's termination. No mention was made of Ms. Hernandez despite the fact that the plaintiff had been aware of her existence for over a year. Based on the parties' arguments, the court extended the discovery deadline for the limited purpose of permitting the defendants to depose the plaintiff and a third-party witness regarding the only issue newly raised, that being, the plaintiff's termination. Once again, the plaintiff failed to identify Ms. Hernandez.

On March 19, 2010, the defendants served their renewed motion for summary judgment on the plaintiff. Thereafter, on April 9, 2010, the plaintiff served her opposition to the motion on the defendants and included the first reference to Ms. Hernandez by way of her affidavit. On April 20, 2010, the defendants filed the fully briefed motion with the court along with the instant motion to strike, arguing that they had been completely ambushed by the plaintiff's surprise inclusion of Ms. Hernandez's affidavit. Twenty days later, on May 10, 2010, in an untimely opposition letter, the plaintiff offered to arrange to have Ms. Hernandez deposed one month prior to trial to cure any prejudice. The plaintiff's eleventh hour offer is insufficient.

Pursuant to Rule 26(e), the plaintiff was obligated to supplement her Rule 26(a) disclosure "in a timely manner" once she learned that her disclosure was incomplete. Fed. R. Civ. P. 26(e)(1)(A). Under Rule 37(c), "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, . . . or at trial, unless the failure was substantially justified or harmless." The plaintiff failed to offer any justification for the delay, simply stating that the failure to name the witness for fifteen months was an error. It is also undisputed that Ms. Hernandez's testimony supports the plaintiff's pretext argument, and thus, the failure to disclose cannot be considered harmless. The defendants' inability to adequately investigate Ms. Hernandez' claims and to question her would severely prejudice the defendants.

Moreover, the court is unable to offer the defendants a continuance in order to mitigate their prejudice. When the parties were in need of a third continuance from the District Judge in this five year old case, the parties opted to consent to the undersigned. Immediately upon receipt of the consent, a conference was held to schedule the trial. Given the undersigned's then existing trial schedule, the parties could not be given a trial date until June. Any further continuance would similarly be lengthy only adding to the prejudice to the defendants. Accordingly, Ms. Hernandez' affidavit is stricken and the plaintiff is precluded from calling her at trial. *See Haas v. Delaware and Hudson Ry. Co.,* 2008 U.S. App. LEXIS 13417 * 5 (2d. Cir. June 14,

---

[1] Curiously, in response to a request by the plaintiff for the names and contact information of WIC program clients, the court issued an order on January 6, 2009, indicating that the plaintiff would be required to make a showing that the complaints made against her were made in bad faith in order to overcome the burden required to disclose this confidential information. Although the affidavit of Ms. Hernandez was prepared three days later, the affidavit was not submitted to the court in furtherance of the plaintiff's request.

2008)(unpublished opinion)(citing standard for Rule 37(c)(1) consideration).

Given this ruling, the court's reference to Ms. Hernandez's affidavit at yesterday's hearing was in error. Nonetheless, the court's ruling regarding the summary judgment motion remains unchanged.


Dated: Central Islip, New York  **SO ORDERED:**
       May 28, 2010

                                                    _____/s/_____
                                                    ARLENE R. LINDSAY
                                                    United States Magistrate Judge